UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware corporation, | | |
| | Plaintiff, | No. 2:18-CV-0303-TOR |
| vs. | | **STIPULATED PROTECTIVE ORDER** |
| RED LION HOTELS CORPORATION D/B/A/ RLH CORPORATION, a Washington corporation, and RED LION HOTELS FRANCHISING, INC., a Washington corporation, | | |
| | Defendants. | |

**THIS MATTER COMES** before the Court upon the parties' Joint Status Certificate (ECF Nos. 27, 27-1). **WHEREFORE**, for good cause shown and with consent of the parties, the Court hereby enters the following Protective Order to govern discovery and the exchange of documents, electronic data, things, information, testimony, and/or other evidence that the parties may consider to be confidential information:

## **DEFINITIONS**

For purposes of this Order, the following terms shall have the following meanings:

STIPULATED PROTECTIVE ORDER ~ 1

A. "Order" means the executed version of this Protective Order (the "Order") executed and entered by the Court in the above-captioned case.

B. "Party" or "Parties" means all persons or entities designated in the caption in 2:18-CV-00303-TOR as it may be amended from time to time.

C. "Proceeding" means the above-captioned lawsuit filed in the United States District Court for the Eastern District of Washington and currently pending before the undersigned.

D. "Document(s)" shall be construed in its broadest sense and means information in any form whatsoever, including deposition testimony, all written, printed, electronically stored, recorded, taped, digitally encoded, graphic, photographic, or other information and all copies, reproductions, summaries, translations and drafts thereof, including all copies bearing notations and marks not found on the original.

E. "Confidential Information" means either Documents or parts of Documents and the information contained therein that a Party reasonably and in good faith determines to constitute or concern (1) trade secrets or other confidential research or development, (2) commercial and proprietary information such as information related to a Party's customers, vendors, suppliers, sales, marketing, pricing, debts or revenues, (3) personnel records, (4) information subject to confidentiality agreements, (5) financial information or (6) any other confidential or proprietary matter the disclosure of which would

STIPULATED PROTECTIVE ORDER ~ 2

competitively disadvantage the Producing Party (as that term is defined in Paragraph I of the Definitions below) or any other Party to these Proceedings, or disclose private information relating to Non-Parties (as that term is defined in Paragraph H of the Definitions below) and that are marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as those terms are defined herein) through the procedures established in this Order and includes Confidential Information in its original form, in copies, and in any form into which it may be converted or used. Confidential Information may be marked either "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

F. "Confidential" means any Document containing Confidential Information.

G. "Confidential – Attorneys' Eyes Only" means either Documents or parts of Documents and the information contained therein that a Party and a Party's counsel reasonably, with diligent scrutiny and care, and in good faith determine meets the definition of "Confidential Information" and the disclosure of which would cause actual harm or substantial prejudice to the Producing Party (as that term is defined in Paragraph I of the Definitions below), any other Party to these Proceedings, or a Non-Party (as that term is defined in Paragraph H of the Definitions below). Documents or parts of documents meeting the foregoing definition of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

shall be marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" through the procedures established in this Order.

H. "Non-Party" means a person or entity who is not identified as a Party in the caption, but who produces Confidential Information to one or more Parties.

I. "Producing Party" means any Party or Non-Party producing the requested information or documents pursuant to a discovery request or subpoena.

J. "Receiving Party" means any Party receiving the requested information or documents pursuant to a discovery request or subpoena.

## GENERAL PROVISIONS

1. This Order applies to all Documents submitted, filed, taken, presented, or produced by one Party or Non-Party to any other Party in connection with the Proceeding.

2. The Parties wish to preserve Confidential Information in Documents and testimony and hereby agree to abide by the provisions of this Order.

## DESIGNATION OF CONFIDENTIAL DOCUMENTS

3. The Party or Non-Party who wishes to preserve the confidentiality of the Documents and the information therein must mark the appropriate Documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTRONEYS' EYES ONLY" at the time the copies are produced subject to the provisions of Paragraph 4.

4. For information that a Producing Party believes should be treated as either Confidential or Confidential-Attorneys' Eyes Only, the Parties agree that they may designate Confidential Information through these procedures:

   a. For tangible Documents, by stamping the word(s) "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page for which they seek confidential treatment in a size, color and location which make the designation readily apparent, and producing the marked Documents to the Party or Parties.

   b. For intangible or electronic Documents or files, either by including the word(s) "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of the Document or by stamping the case or container of the Document with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and producing the marked Documents to the Party or Parties.

   c. For any document(s) subsequently marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Subparagraph 4(a) by a Party or Non-Party after initial production, the Party or Non-Party shall provide substitute copies to all Parties of all documents subsequently marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to replace the documents not previously marked. Thereafter, the Parties receiving substitute copies shall either return to the Producing Party or destroy all earlier copies of the document(s) not marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   d. Inadvertent failure to mark Documents with Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production shall not waive a Party or Non-Party's right to designate those Documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" later. If it is understood by the Party or the person receiving the Documents that confidential treatment was intended, the Documents should be treated as having Confidential Information. When the Documents are thereafter determined to have Confidential Information, the

    Producing Party shall promptly stamp the documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Subparagraph 4(a) and provide substitute stamped copies of the documents in accordance with this Order. The Parties receiving substitute copies shall either return to the Producing Party or destroy all earlier copies of the document(s) not marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  e. During depositions, a Party may state on the record that the testimony of the deponent and any exhibits to his or her testimony are Confidential and by asking the reporter to stamp those pages and exhibits with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The reporter shall mark the face of the designated transcript or exhibit, or the designated portion of the transcript or exhibit accordingly. If less than an entire transcript is designated as confidential, those portions and any exhibits so designated shall be printed on separate, appropriately marked pages and separately bound. The Party who hires the court reporter shall require the reporter to agree that he or she will take appropriate steps to ensure the confidentiality of the Confidential Information and shall limit access to any Confidential Information by signing a copy of the confidentiality agreement attached hereto as Exhibit A ("Declaration") pursuant to the instructions contained in Paragraph 12 below. Failure of counsel to designate testimony or exhibits as Confidential Information at the deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits, if the testimony or exhibits are marked as "CONFIDENTIAL" within 30 days after the receipt by counsel for the Party seeking confidential treatment of the transcript of the deposition or exhibits thereto. The parties shall treat all deposition transcripts as "CONFIDENTIAL" until the expiration of this 30-day period to enable the parties to make their confidentiality designations.

  f. Other types of Documents may be designated as Confidential or Confidential – Attorneys' Eyes Only by a procedure agreed to in writing by the Parties.

5. If a Party marks only portions of any Document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" then only the Confidential Information within those portions shall be protected by this Order.

6. If a Document containing information subject to the Attorney-Client Privilege or Work Product Doctrine or any other legal prohibition against disclosure is inadvertently disclosed, the inadvertent disclosure shall be handled in accordance with Paragraphs 19-21 of this Order.

## **TREATMENT OF CONFIDENTIAL INFORMATION**

7. Confidential Information may only be used in connection with the Proceeding as limited herein, including but not limited to use in any pleading, motion, or deposition in the Proceeding, and not for any other purpose. If any such material is filed with the Court, or appended to, or disclosed in any court paper, then the Party should follow the requirements in Paragraphs 16-18 of this Order.

8. Confidential Information may be disclosed to the following persons listed in Subparagraphs 8(a) through 8(h) below, as reasonably necessary, but only on the terms and conditions set forth in Paragraph 9 below:

a. Outside litigation and other retained counsel hired by, and working on these Proceedings on behalf of, any Party to these Proceeding (specifically excluding attorneys who work or have been retained as in-house counsel for the Parties who shall not be entitled to review Confidential Information marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" absent written agreement between the Parties or court order;

b. Administrative assistants, paralegals, and clerical personnel employed by said hired counsel;

c. Parties (including directors, members, officers, managers, employees, agents, principals, or partners who are assisting Parties in this Proceeding) to this

STIPULATED PROTECTIVE ORDER ~ 7

action to the extent reasonably necessary to prepare for this action except as to that Confidential Information marked "CONFIDENTIAL – ATTRONEYS' EYES ONLY," which Confidential Information shall not be disclosed or shared with a Receiving Party absent court order or written permission from the Producing Party;

d. The Court and those employed by the Court;

e. Court reporters, mediators, and/or arbitrators engaged in the Proceeding;

f. Any witness (who shall not be allowed to retain copies of the Documents containing Confidential Information), provided there is a reasonable basis to believe that the witness will give relevant testimony regarding such material, but only to the extent disclosure is necessary to the prosecution or defense of the Proceeding;

g. Persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary for Parties' counsel to adequately prepare such witnesses to testify;

h. Consultants and experts retained by any Party to this action for the purpose of assisting in the preparation of this action or testifying at the trial of this action, who are expressly permitted under this order to review Confidential Information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9. Disclosure of Confidential Information and documents marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be made to the persons listed in Paragraph 8 on the following terms and conditions:

a. Counsel who receive documents marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or otherwise containing Confidential Information shall be responsible for informing other members of their legal team of their obligations under this Order and for assuring that access to the material is limited in accordance with the terms of this Order;

b. Before making disclosure to any such person, counsel of record for the Party making disclosure shall provide each such person with a copy of this Order,

  shall advise him or her that he or she is bound by it and the terms therein, and shall obtain a signed copy of the confidentiality agreement attached hereto as Exhibit A ("Declaration") from each such person;

 c. Counsel for the Party making disclosure shall be responsible for maintaining copies of the Declarations signed by all persons to whom that party has made disclosure; and

 d. In the event of any dispute concerning disclosure and for good cause shown, Declarations executed by persons shall be made available for inspection by other counsel on order of the Court.

10. Any person who receives Confidential Information must ensure that it remains secure and is protected against disclosure to anyone except the persons authorized under this Order to have access to it.

11. This Order does not affect the rights of any Party or Non-Party to use its own Confidential Information as it deems appropriate.

12. The production of Documents by a Party or Non-Party under this Order shall not constitute an admission by the Party or Non-Party, nor waive the Party's or Non-Party's rights, with respect to the propriety of their relevance or their disclosure. Nothing in the Order shall preclude a Party or Non-Party from objecting to any future use of Documents or Information that are designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13. Within 60 days after the final determination of the Proceeding, whether by judgment, settlement, or otherwise, and including any appeal from a final judgment, any

person who is in possession of Confidential Information, except that in the custody of the Court, shall return it to the Producing Party or destroy it (and certify by affidavit that it has been destroyed).

14. This Order shall survive the final conclusion of the Proceeding and shall continue in full force and effect. By executing this Order, the Parties, in any action brought to enforce the terms of this Order, consent to the jurisdiction of the United States District Court for the Eastern District of Washington and waive any defense or opposition to such jurisdiction.

15. All persons bound by this Order are notified that if this Order is violated, the Party, person, or entity who commits a violation may be subject to any sanctions that a court, on motion after a hearing, deems just.

16. If Confidential Information is disclosed in Documents electronically filed with the Court in the Proceeding, the Party seeking to submit any information identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall file a motion requesting that the court seal the filing. The motion must include the following:

    a. A non-confidential description of the material sought to be sealed;

    b. The circumstances that warrant sealed filing;

    c. The reason(s) why no reasonable alternative to a sealed filing exists;

    d. If applicable, a statement that the party is filing the material under seal because the Producing Party has designated the material under the terms of a

STIPULATED PROTECTIVE ORDER ~ 10

protective order in a manner that triggered an obligation to file the material under seal and that the filing party has unsuccessfully sought the consent of the Producing Party to file the materials without being sealed;

    e.    If applicable, a statement that a person designating materials under the terms of a protective order that is not a party to the action is being served with a copy of the motion for leave;

    f.    A statement that specifies whether that party is requesting that the document be accessible only to counsel of record rather than to the parties; and

    g.    A statement that specifies how long the party seeks to have the material maintained under seal and how the material is to be handled upon unsealing.

Until the Court rules on the sealing motion, any document provisionally filed under seal may be disclosed only to counsel of record and their staff until otherwise ordered by the Court or agreed to by the parties. Within five business days of the filing or provisional filing of a document under seal, the party that filed the document should file a public redacted version of the document. If an entire document is filed under seal, the party is not required to re-file a public version of the document.

    17.    To the extent the Documents filed under seal shall be filed with the Clerk of Court, it shall be filed separately in sealed envelopes bearing the caption of the applicable action, a brief description of the nature of the contents of the sealed envelope, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement in substantially the following form: "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND

IS NOT TO BE OPENED OR THE CONTENTS TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT." Alternatively, the party filing the Confidential Information shall abide by any other sealing procedure established by the Court in its local rules.

If any person fails to file Confidential Information under seal, the Producing Party may request that the Court place the filing under seal.

18. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial. However, in the Pretrial Order, counsel for the Parties shall designate the exhibits they assert contain Confidential Information. Following the trial of this action, the designating party may file the exhibits which the designating party contends contain Confidential Information under seal with the Clerk.

## **NON-WAIVER AND CLAWBACK**

19. If a Document containing information subject to the Attorney-Client Privilege or Work Product Doctrine or any legal prohibition against disclosure is inadvertently disclosed, the inadvertent disclosure **shall not** constitute a waiver by the Producing Party of the Attorney-Client Privilege or Work Product Doctrine or any legal prohibition against disclosure for that document or for the subject matter disclosed.

20. Upon receipt by the Receiving Party of written notification from the Producing Party of the inadvertent disclosure ("Notice of Recall"),

STIPULATED PROTECTIVE ORDER ~ 12

a. The Receiving Party shall immediately (and no later than 15 days after receipt of the Notice of Recall or entry of a final order from the Court on the challenge of the claim of privilege or legal prohibition against disclosure, whichever is **earlier**) return, destroy, or sequester[1] (in the event that the Receiving Party follows the procedures outlined in Paragraph 21 below) the document in their possession, including any copies and summaries, and shall destroy or sequester any notes or work product concerning the Document and the protected information therein. Unless and until otherwise ordered by the Court, the sequestered documents may **only** be referenced or used to challenge the Producing Party's privilege assertion; in no event shall the information contained therein be used for any other purpose, including but not limited to advancing the party's claims on the merits or seeking affirmative relief. Electronic copies of recalled documents shall be removed or sequestered (in the event that the Receiving Party follows the procedures outlined in Paragraph 21 below) from the Receiving Party's electronic systems or review databases;

b. The Receiving Party also shall be responsible for immediately (and no later than 15 days after receipt of the Notice of Recall) taking reasonable steps to obtain and destroy all copies of recalled documents disseminated to third parties, and certifying in writing to the Producing Party within 15 days that such reasonable steps to obtain or destroy all copies of recalled documents have been taken; and

---

[1] For the avoidance of doubt, the parties agree that sequestration is only permissible if the Receiving Party complies with the requirements of Paragraph 19 below by submitting to the Producing Party a written notice of the Receiving Party's receipt of the Notice of Recall identifying those Documents with respect to which the Receiving Party challenges the Notice of Recall, engages in a meet and confer with the Producing Party, and files a motion with the Court under seal pursuant to Fed. R. Civ. P. 26(b)(5)(B).

STIPULATED PROTECTIVE ORDER ~ 13

        c.    Except as permitted by Paragraph 20(a), the Receiving Party shall not use, in any capacity or by any means, the Document and the protected information therein once it receives Notice of Recall unless and until it receives permission to do so through procedures outlined in Paragraph 21 below.

21.    If the Receiving Party disagrees with the claim of privilege or legal prohibition against disclosure, the Receiving Party shall have 10 days from the date of receipt to submit to the Producing Party a written notice identifying those Documents with respect to which the Receiving Party challenges the Notice of Recall. The parties shall meet and confer within 10 days of the Receiving Party's notice of challenge in an effort to resolve their disagreement. If the parties cannot resolve their disagreement as to any challenged Document, the Receiving Party shall, within 10 days of the meet and confer, file a motion with the Court under seal pursuant to Fed. R. Civ. P. 26(b)(5)(B) for a determination of the claim. While such dispute is pending under Fed. R. Civ. P. 26(b)(5)(B), the challenged Document, including any copies, summaries, notes, and work product concerning the Document and the protected information therein, shall remain sequestered. Should the Receiving Party fail to file a motion with the pursuant to Fed. R. Civ. P. 26(b)(5)(B) within 10 days of the meet and confer, the Receiving Party shall be deemed to have waived any objection or challenge to the claim of privilege or legal prohibition against disclosure and shall return or destroy the Document(s) in their possession, including any copies and summaries, and shall destroy any notes or work

product concerning the Document and the protected information therein. In that event, electronic copies of the Document(s) shall be removed from the Receiving Party's electronic systems or review databases.

**DISCOVERY OF CONFIDENTIAL INFORMATION FROM NON-PARTIES**

22. A Party serving a subpoena on a Non-Party shall transmit (via electronic mail) to the opposing Party's counsel a courtesy copy of the subpoena and all attachments thereto the same day the subpoena is issued. The Party serving the subpoena on the Non-Party shall include with the subpoena a notice to the Non-Party that they are not to produce responsive information before ten (10) days after the date of service to allow time for other Parties to the Proceeding to object to the subpoena on the grounds of either (i) privilege (including but not limited to Attorney-Client Privilege or Work Product Doctrine) and/or (ii) Confidential Information pursuant to the provisions in Paragraph 21 below.

23. If a Party objects to a subpoena to a Non-Party on the grounds that the Non-Party may have documents or other information protected by the Attorney-Client Privilege or Work Product Doctrine or containing Confidential Information, then the documents and/or information will be produced to the objecting Party first. The Party claiming the protection of the Attorney-Client Privilege or Work Product Doctrine, or claiming Confidential Information, may invoke this provision (i) by serving objections to the subpoena based on the Attorney-Client Privilege, Work Product Doctrine, and/or

Confidential Information within the time provided in Rule 45 of the Federal Rules of Civil Procedure, which shall run from the time the objecting Party was served with the subpoena pursuant to Paragraph 22 above, or (ii) by notifying all counsel of record for the Party that issued the Subpoena, via email, of the request that all documents be produced to the objecting Party first. Upon receipt of such documents, the objecting Party claiming the protection of the Attorney-Client Privilege, Work Product Doctrine, or Confidential Information shall notify the Party that issued the Subpoena in writing that it has received the documents and shall thereafter have thirty (30) days to designate the documents or information, if any, containing Attorney-Client Privilege, Work Product Doctrine, and/or Confidential Information and produce the documents, except those to which Attorney-Client Privilege or Work Product Doctrine are claimed, to the other Party that issued the subpoena. The Party claiming the Attorney-Client Privilege or Work Product Doctrine shall provide a privilege log of the documents it is withholding on those grounds. The Party may also designate within thirty (30) days, in accordance with this Order, all documents containing Confidential Information.

24. If a Non-Party wishes to produce Documents under the protections set forth in this Order, the Non-Party may evidence that desire by completing the Declaration attached hereto as Exhibit A, after which time the Non-Party shall have the same rights and duties under this Order as any Party.

25. Any Party receiving documents produced by a Non-Party pursuant to a subpoena will promptly produce copies of the produced documents to all other Parties.

### **DISCOVERY OF CONFIDENTIAL INFORMATION BY NON-PARTIES**

26. If a Receiving Party or other person in possession of Confidential Information obtained from a Producing Party receives a subpoena or other request for production from a Non-Party to this action seeking production or other disclosure of such information ("Subpoenaed Party"), the Subpoenaed Party shall provide the Producing Party or any other Party that designated the material with prompt, timely, and reasonable notice such that the Producing Party, or any other Party that designated the material, will have sufficient time and opportunity to object to and/or move to quash the subpoena as provided by Rule 45 of the Federal Rules of Civil Procedure, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process, and shall immediately notify the person or entity serving the request that such materials are covered by this Order. The Subpoenaed Party shall not produce documents or information in response to the subpoena unless or until it has satisfied the conditions set forth herein and in no event before communicating with the Producing Party or the Party that designated the material. If any dispute arises as to the sufficiency of a Subpoenaed Party's notice to the Producing Party or other Party that designated the Documents or other material, notice shall be deemed sufficient for purposes of this Order if the Subpoenaed Party sends an

email to the Producing Party or other Party that designated the material, copying said Party's counsel, within twenty-four (24) hours after service of the Subpoena on the Subpoenaed Party.

## **DISPUTES REGARDING CONFIDENTIAL INFORMATION**

27. Any Party shall have the right to challenge any designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any Party may challenge any designation of confidentiality by written notice to the designating Party's counsel that specifically identifies the Confidential Information and/or documents challenged. Categorical challenges are not permitted. Before seeking any ruling from the Court under this paragraph, the Parties will make a good faith effort to resolve any disputes concerning the confidential treatment of any information. If the Parties cannot resolve the dispute regarding the designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Documents or information, the objecting Party shall, within 30 days of the good faith effort to resolve the dispute, apply for a ruling from the Court on the continued status of the information. The burden of showing the propriety of the designation shall be on the Producing Party. The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

Nothing prohibits the Producing Party from moving for a Protective Order to maintain the designation.

28. This Order is without prejudice to the right of any Party to move the Court, upon good cause shown, for greater protection or relief from this Order with respect to particular documents and the information therein.

**IT IS SO ORDERED.**

DATED March 26, 2019.



THOMAS O. RICE
Chief United States District Judge

STIPULATED PROTECTIVE ORDER ~ 19

# EXHIBIT A

# DECLARATION

I hereby state that I have read the foregoing Stipulated Protective Order and I agree to be bound by its terms.

I understand that the contents of the Confidential Information, and any notes or other memoranda or any other forms of information that copy or disclose Confidential Information, shall not be disclosed to anyone other than in accordance with that Order and shall be used only for the purposes permitted by that Order.

I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Washington for purposes of enforcement of the terms of this declaration and the Order.

Dated:_____     Signature: _____

                                  Printed Name: _____

                                  Address: _____

                                           _____

                                  Telephone: _____